IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN -7 PM 4:27

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

```
LANCE CRUTCHER,                    )
                                   )
      Plaintiff,                   )
                                   )
v.                                 )        No. 04-2847 Ma/P
                                   )
SGT. WILLIAM SANDERS, OLIVE        )
BRANCH POLICE DEPARTMENT, CITY     )
OF OLIVE BRANCH, MISSISSIPPI,      )
and LEONARD HURD,                  )
                                   )
      Defendants.                  )
```

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This case arises from an automobile accident that occurred in Memphis, Tennessee. Before the court are the motion to dismiss of Sergeant William Sanders and Olive Branch Police Department ("the Police Department"), filed November 4, 2004, and the motion to dismiss of City of Olive Branch, Mississippi ("the City"), filed January 25, 2005. Plaintiff Lance Crutcher responded to the motion of Sanders and the Police Department on December 10, 2004. He has not responded to the City's motion to dismiss. For the following reasons, the motions are GRANTED.

I. Background

The complaint alleges the following facts. On January 26, 2002, Defendant Leonard Hurd was suspected of stealing an automobile from a lot in DeSoto County, Mississippi. (Compl. ¶ 12.) Defendant Sgt. William Sanders of the Olive Branch Police

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

Department pursued Hurd from DeSoto County into Memphis, Tennessee at a high rate of speed. (Id.)  As a result of this high-speed chase, Hurd's vehicle crashed into the vehicle of Plaintiff Crutcher and caused significant damage to Crutcher's person and property. (Id. ¶ 13.)  Defendant Sanders was in the course and scope of his employment when he chased Hurd. (Id. ¶ 15.)  Crutcher alleges that he was driving his own automobile in a safe, cautious, and prudent manner at the time of the accident and that his injuries were caused by the negligence of the Defendants. (Id. ¶¶ 14, 25.)  The Defendants Sanders, the Police Department, and the City allege that the statute of limitations bars Plaintiff's claims against them.

## II. Jurisdiction

Crutcher is a resident of Memphis, Tennessee.  Defendants Sanders and Hurd are residents of Olive Branch, Mississippi.  The City and the Police Department are also considered citizens of Mississippi for jurisdictional purposes. See, e.g., Helmsley v. City of Detroit, 205 F. Supp. 793, 794 (E.D. Mich. 1962).  The amount in controversy exceeds $75,000.  Thus, the court exercises diversity jurisdiction under 28 U.S.C. § 1332.  Venue in this district is proper under 28 U.S.C. § 1391(a).

## III. Applicable Law

A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor

Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon, 313 U.S. at 496. Therefore, the court must decide which state's law a Tennessee court would apply to the instant case.

Tennessee Courts apply the "most significant relationship" approach of the Restatement (Second) of Conflicts of Laws (the "Second Restatement") in deciding which state's law to apply to tort-based claims. Glennon v. Dean Witter Reynolds, Inc., 83 F.3d 132, 136 (6th Cir. 1996) (citing Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992)). The most significant relationship test looks to: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." SECOND RESTATEMENT § 145(2) (1971). Generally, "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." Hataway, 830 S.W.2d at 59.

The injuries giving rise to this case occurred in Memphis, Tennessee. Sanders, the City, and the Police Department argue, however, that they are protected by the sovereign immunity of the state of Mississippi and that claims against them are limited to

3

those authorized by the Mississippi Tort Claims Act ("MTCA"). There is no dispute that these Defendants are entities or employees of the state of Mississippi. Mississippi law provides that

> the state and its political subdivisions ... are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach by any employee of the state or its political subdivisions ...

Miss. Code Ann. § 11-46-3 (internal quotations omitted). The MTCA waives this immunity in specified circumstances and caps liability for damages. Miss. Code Ann. § 11-46-5. In addition, the remedy provided by the MTCA is exclusive of other common law actions against the designated parties:

> (1) The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omissions which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of the chapter, notwithstanding the provisions of any other law to the contrary
> (2) Any employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties...

Miss. Code Ann. § 11-46-7.

There is no constitutional requirement that a Tennessee court must honor a foreign state's assertion of immunity; Mississippi's interest in immunity must be weighed against Tennessee's own interests in sovereignty. See <u>Nevada v. Hall</u>, 440 U.S. 410, 411

(1979)(upholding California state court's decision to subject Nevada state employees to suit, when those employees would have been immune under Nevada law).  Where suit has been brought in a forum state against entities or employees of another state, however, the foreign state has an interest in the litigation more significant than if suit had been brought against private parties.  See, e.g., Gaglioti v. Cummings, 55 F. Supp. 2d 346, 349 n.4 (E.D. Penn. 1999).  Further, states may, as a matter of comity, "accord each other immunity or ... respect any established limits on liability." Nevada v. Hall, 440 U.S. at 426.

The parties do not cite, nor can the court locate, any Tennessee decisions in which the defendants represented out-of-state governments and asserted the sovereign immunity of their home state as a defense.  United States District Courts in analogous situations have held that the forum state would honor the foreign state's assertion of immunity for its employees and political subdivisions.

Gaglioti v. Cummings involved facts very similar to this case. A New Jersey municipal employee was involved in a collision in Pennsylvania with a Pennsylvania motorist. 55 F. Supp. 2d at 347. The motorist sued in Pennsylvania, and the employee and municipality claimed immunity under the New Jersey Tort Claims Act. Id.  Applying the choice-of-law principles in the Second Restatement, the district court found that the New Jersey Tort Claims Act applied because the defendant municipality was a municipal public entity funded solely by New Jersey tax dollars,

5

the municipality derived no business from Pennsylvania, and had the accident occurred in New Jersey the municipality unquestionably would have been immune. Id. at 349 n.4.  Further, the court held that "if we do not honor the limitations imposed under the New Jersey Tort Claims Act, and instead put a Pennsylvania citizen's interests ahead of the interests of comity, we believe that there is a risk that our sister states - six of whom border the Commonwealth - would not respect similar Pennsylvania laws." Id. at 349.

The Eastern District of Arkansas reached a similar conclusion. In Harris v. City of Memphis, an Arkansas resident sued a Tennessee municipality for injuries sustained in an automobile accident on an interstate bridge allegedly caused by inadequate roadway lighting. 119 F. Supp. 2d 893.  Applying Arkansas's choice of law rule,[1] the District Court found that "Tennessee ... has an interest in protecting its municipalities through its sovereign immunity, which is codified in the TGTLA"[2] and that "the harmonious relationship between the two states would not be enhanced if this Court were to ignore the immunity granted under Tennessee law simply because the accident occurred a few yards on this side of the state line.

---

[1] Arkansas does not follow the Second Restatement.  Rather, Arkansas courts employ a five-factor test consisting of 1) predictability of results, 2) maintenance of interstate and international order, 3) simplification of the judicial task, 4) advancement of the forum's governmental interest, 5) application of the better rule of law. Harris, 119 F. Supp. 2d at 895 (citing Wallis v. Mrs. Smith's Pie Co., 550 S.W.2d 453 (1977).  Under this test, courts are to give specific consideration to the interests of the forum state.

[2] The TGTLA is the Tennessee Governmental Tort Liability Act, which allows for limited liability of state entities for injuries of private citizens.  For purposes of the instant motions, it is analogous to the MTCA.

6

Therefore, Tennessee has a more significant interest in this case than does Arkansas." Id. at 896.

The court held further that Arkansas would apply the TGTLA in the interests of comity.  In reaching this decision, the court considered the fact that "both Arkansas and Tennessee have similar statutes that grant municipalities immunity from suit." Id. at 898. Because of this similarity, the court found that extending immunity to the Tennessee entities would be in keeping with the public policy of Arkansas. Id.; see also Davis v. City of Augusta, 942 F. Supp. 577 (S.D. Ga.)(holding that comity weighed in favor of enforcing Georgia's sovereign immunity under South Carolina state law).

Similarly, the court finds that application of the MTCA to the claims against Sanders, the City, and the Police Department is in keeping with the public policy of Tennessee.  Because this case involves conduct of the government of Mississippi, Mississippi maintains a significant interest in the litigation. See Gaglioti, 55 F. Supp. 2d at 349.  Further, Tennessee has an interest in seeing that the immunity of its own political subdivisions, as embodied in the TGTLA, is honored by other state courts in similar circumstances.  Applying the MTCA in the instant case would further that goal. See Harris, 119 F. Supp. 2d at 897-98.  Forcing other states to waive immunity when their law enforcement officers cross state lines in the line of duty could discourage the efficient pursuit of criminal suspects who flee bordering states into Tennessee, and vice-versa.  It would not be consistent with the

public policy of Tennessee, as expressed in the TGTLA, and would violate fundamental principles of comity. For the foregoing reasons, the court will apply the MTCA to Plaintiff's claims against Sanders, the City, and the Police Department.

## IV. Analysis

Sanders, the City, and the Police Department argue that the one-year statute of limitations under the MTCA bars Plaintiff's claims against them. See Miss. Code Ann. § 11-46-11. The accident giving rise to this suit occurred on January 6, 2002, and Plaintiff filed this action on September 8, 2004. Plaintiff filed a prior action raising the same claims in Shelby County General Sessions Court and took a voluntary non-suit of that action on September 9, 2003.[3] Plaintiff argues that this suit is excused from the applicable statute of limitations by Tennessee's savings statute.

Statutes of limitations are generally considered substantive law. See Jinks v. Richland County, S.C., 538 U.S. 456, 465 (2003)(citing Guaranty Trust Co. v. York, 326 U.S. 99 (1945)). Because the MTCA applies to Plaintiff's claims against Mississippi governmental entities, the MTCA's limitations period would also function as part of the substantive Mississippi law applicable to those claims.

---

[3] It is unclear from the pleadings when the original suit was filed in Shelby County General Sessions Court. The MTCA contains a provision that tolls the statute of limitations for 120 days upon receipt of notice of a claim by a designated municipal official. See Miss. Code Ann. § 11-46-11(3). Assuming that the filing of the original suit qualifies as notice of the claim, the tolling provision would not bring the current action within the statute of limitations, as it was filed well over two years after the accident occurred. See generally Page v. University of Southern Mississippi, 878 So.2d 1003 (Miss. 2004).

Even if it were to consider the issue separately, a Tennessee court would apply the applicable limitations period under the MTCA, rather than the Tennessee statute of limitations.  Under Tennessee law, "[w]hen a statute which creates a right of action expressly limits the time in which suit to enforce the right may be brought, time is of the essence of the right and the limitation of the remedy is a limitation of the right." Brooksbank v. Roane Co., 341 S.W.2d 570, 573 (Tenn. 1960).

> A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations.  It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits.  The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right.  Such a provision will control, no matter in what form the action is brought.  The statute is an offer of an action on condition that it be commenced within the specified time....  Generally speaking the time requirement prescribed by a statute granting the right to sue the United States or a state is construed as a condition or qualification of the right; such a provision is in other words jurisdictional rather than a mere statute of limitations.

U.S. v. Thrower, 267 F. Supp. 608, 610 (M.D. Tenn. 1967)(interpreting limitations period for tort action against United States government); see also P & E Electric, Inc. v. Utility Supply of America, Inc., 655 F. Supp. 89, 95 (M.D. Tenn. 1986)(applying Restatement (2d) of Conflicts § 143 and holding that Louisiana statute of limitations applied because "[t]he fact that the statute contains its own limitations period is relevant to its construction and is a ground for saying that the limitation goes to the right created and accompanies the obligation everywhere").

The MTCA was enacted to create a limited exception to the common law immunity of the state of Mississippi and its political subdivisions. See Marcum v. Hancock Co. Sch. Dist., 741 So.2d 234, 236 (Miss. 1999); see also Miss. Code Ann. § 11-46-3 ("the state and its political subdivisions ... are not now, *have never been* and shall not be liable ...")(emphasis added).   Further, the MTCA contains its own statute of limitations, which provides:

> The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11.  Thus, under the statutory scheme, the MTCA limitations period is an essential component of the right created by the MTCA, rather than a mere procedural limitation. Under Tennessee choice-of-law rules, the MTCA statute of limitations, Miss. Code Ann. § 11-46-11, applies to Plaintiff's claims arising under the MTCA, Miss. Code Ann. § 11-46-5.

The Defendants cite Stockstill v. State, 854 So.2d 1017 (Miss. 2003), in which the Mississippi Supreme Court held that Mississippi's general savings statute does not apply to actions under the MTCA.   That case is analogous to this one.   The plaintiffs in Stockstill filed a tort action in federal court, and the suit was dismissed on Eleventh Amendment grounds.  Plaintiffs then filed suit in state court after the MTCA's one-year limitations period had passed, arguing that the general savings

statute, Miss. Code Ann. § 15-1-69,[4] precluded dismissal of their MTCA claims on limitations grounds.    The court stated that "Plaintiffs arguably brought their suit in the wrong court within the one year statute of limitations ... but there is simply no provision applicable to the MTCA which would act to correct Plaintiffs' error ..." Id. at 1022.  The court emphasized that the MTCA contained its own specific savings clause for claims brought by minors and that the legislature had declined to enact a broader one.  "If it is the intent of the Legislature for a savings clause to apply to the MTCA, it will be in the power of the Legislature to amend the statute just as it did in 2000 and 2002." Id.

Mississippi law is clear that the MTCA claims are not saved by the prior filing of suit in Shelby County General Sessions Court and are subject to a strict one-year statute of limitations.  The MTCA provides the exclusive remedy for claims against the City, the Police Department, and Sanders. Miss. Code Ann. § 11-46-7; see also Ray v. Keith, 859 So.2d 995, 1001 (Miss. 2003).  Therefore, Plaintiff's claims against Sanders, the City, and the Police Department must be dismissed.

---

[4] "If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated ... for any matter of form, ... the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit ...." Miss. Code Ann. § 15-1-69.

**V. Conclusion**

    For the foregoing reasons, the motions to dismiss are GRANTED.


So ORDERED this 7th day of June 2005.

                                       _____

                                       SAMUEL H. MAYS, JR
                                       UNITED STATES DISTRICT JUDGE

12

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 20 in case 2:04-CV-02847 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Samuel Jones
LAW OFFICE OF SAMUEL JONES
147 Jefferson Ave.
Ste. 407
Memphis, TN 38103

James F. Horner
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT